PAUL K. CHARLTON
United States Attorney
District of Arizona

Michelle Hamilton-Burns
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Arizona State Bar No. 010269
Telephone (602) 514-7500
michelle.hamilton@usdoj.gov

---

**FILED** ___ ___X__ **LODGED**
___ **RECEIVED** ___ **COPY**

**APR 2 8 2006**

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

---

X_ FILED ___ **LODGED**
___ **RECEIVED** ___ **COPY**

**NOV 1 3 2006**

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

---

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>    v.<br><br>Robert Francis Alexander,<br><br>              Defendant. | CR-05-472-PHX-DGC<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and defendant, Robert Alexander, hereby agree to the following disposition of this matter:

### PLEA

Defendant will plead guilty to Count 11 of the Indictment, charging defendant with Wire Fraud, in violation of Title 18, United States Code, Section 1343, a felony offense. Defendant will also consent to the forfeiture allegation contained in the Indictment.

### TERMS

Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

**SCANNED**

1   **1.    Maximum Penalties**

2         a.    A violation of Title 18, United States Code, Section 1343, is punishable by a

3   maximum fine of $250,000.00 or not more than twice the amount of the criminally derived

4   property involved in the transaction, a maximum term of imprisonment of 20 years, or both and

5   a term of supervised release of 3 years.

6         b.    According to the Sentencing Guidelines issued pursuant to the Sentencing Reform

7   Act of 1984, the court shall:

8               (1)    Order the defendant to make restitution to any victim of the offense unless,

9   pursuant to Title 18, United States Code, Section 3663, the court determines that restitution

10  would not be appropriate in this case;

11              (2)    Order the defendant to pay a fine, which may include the costs of probation,

12  supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section

13  3611, the defendant establishes the applicability of the exceptions found therein;

14              (3)    Order the defendant, pursuant to Title 18, United States Code, Section 3583,

15  to serve a term of supervised release when required by statute or when a sentence of

16  imprisonment of more than one year is imposed, and the court may impose a term of supervised

17  release in all other cases.

18        c.    Pursuant to Title 18, United States Code, Section 3013, the court is required to

19  impose a special assessment on the defendant of $100.00.  The special assessment is due at the

20  time the defendant enters the plea of guilty, but in no event shall it be paid later than the time of

21  sentencing.

22  **2.    Agreements Regarding Sentencing**

23        Stipulated Sentence  Pursuant to Fed. R. Crim. P. 11(c)(1)(C) the United States and the

24  defendant stipulate that the loss amount, pursuant to USSG 2B1.1 is between 7 and 20 million

25  dollars, defendant's conduct does not justify an upward adjustment based upon defendant's role

26  in the offense.  Recommended Sentence: Pursuant to Fed. R. Crim.P. 11(c)(1)(B) the United

27  States will recommend that the defendant be sentenced at the low end of the guideline range.

28

2

1        If the court, after reviewing the plea agreement, concludes that any provision is

2   inappropriate, it may reject the plea agreement giving the defendant, in accordance with

3   Fed. R. Crim. P. 11(c)(5), an opportunity to withdraw the guilty plea.

4        <u>Acceptance of Responsibility</u> Assuming the defendant makes full and complete disclo-

5   sure to the Probation Department of the circumstances surrounding the defendant's commission

6   of the offense and, if the defendant demonstrates an acceptance of responsibility for this offense

7   up to and including the time of sentencing, the United States will recommend  a three-point

8   reduction as set forth in the advisory sentence guideline offense level, pursuant to Section 3E1.1

9   of the Guidelines.

10        <u>Criminal History Options</u> This plea agreement is expressly conditioned upon the accuracy

11   of the defendant's criminal history as known by the government at the time of the plea.  The

12   discovery of any criminal history in addition to that known shall entitle the government to

13   withdraw from this agreement.

14   **3.**    **Agreement to Make Restitution**

15        Defendant specifically agrees to pay restitution in an amount to be determined prior to

16   sentencing, but in any event between 10 and 15 million dollars.

17   **4.**    **Agreement to Dismiss**

18        Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States will dismiss the following

19   charges: Counts 1-10, 12-69.

20   **5.**    **Waiver of Defenses and Appeal Rights**

21        The defendant waives any and all motions, defenses, probable cause determinations, and

22   objections which the defendant could assert to the indictment or information or to the Court's

23   entry of judgment against the defendant and imposition of sentence upon the defendant,

24   providing the sentence is consistent with this agreement. The defendant further waives: (1) any

25   right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the

26   imposition of sentence upon defendant under Title 18, United States Code, Section 3742

27   (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence

28

under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

**6.      Perjury and Other False Statement Offenses or Other Offenses**

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement.  Any information, statements, documents, and evidence which defendant provides to the United States pursuant to this agreement may be used against the defendant in all such prosecutions.

**7.      Reinstitution of Prosecution**

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States  will be free to prosecute the defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding as permitted by Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

**8.      Disclosure of Information to U.S. Probation Office**

The defendant will cooperate fully with the United States Probation Office.  Such cooperation will include truthful statements in response to any questions posed by the Probation Department, including, but not limited to:

(1)      All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

(2)      All financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

4

1             (3)     All history of drug abuse which would warrant a treatment condition as part

2 of sentencing.

3             (4)     All history of mental illness or conditions which would warrant a treatment

4 condition as a part of sentencing.

5 **9.**    **Forfeiture, Civil, and Administrative Proceedings**

6       A.     The defendant agrees to make a full and complete disclosure of all assets over

7 which the defendant exercises or exercised control, directly or indirectly, and any assets which

8 have been held or controlled by a nominee(s), within the past six (6) years, or in which the

9 defendant has or had during that time, any financial interest.  The defendant further agrees to

10 complete a financial statement.  The defendant agrees to take all steps as requested by the United

11 States to obtain from any other parties, by any lawful means, any records of assets owned by the

12 defendant.

13       B.     Defendant represents and warrants to the government that he has no interest, either

14 direct or indirect, whether held in his own name or in the name of a relative, spouse, or associate,

15 in any property, real or personal, or asset that would be subject to forfeiture on the basis of the

16 violations of Title 18 United States Code, Section 1343 covered by this plea agreement.

17 Defendant understands and acknowledges that the government is relying on defendant's

18 representation in entering into this plea agreement. If defendant's representations are false or

19 inaccurate, the government may pursue any and all forfeiture remedies available at law or equity

20 on the basis of the violations of Title 18 United States Code, Section 1343, covered by this

21 agreement.

22       C.     The defendant further agrees to assist in bringing any forfeitable assets located

23 outside the United States within the jurisdiction of the United States, and taking whatever steps

24 are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden

25 or otherwise made unavailable for forfeiture.

26       D.     The defendant agrees to undergo any polygraph examination the United States may

27 choose to administer, with an examiner selected by the government, concerning defendant's

28

1    assets and to either provide, or consent to the release of, the defendant's tax returns for the
2    previous five years.  If the polygraph examination results indicate an intent to deceive the
3    government with respect to assets, the defendant will be afforded the opportunity to review and
4    explain the deceptive responses. If, after consideration of defendant's responses, the government
5    is convinced defendant's financial statement is not complete and truthful, the government is not
6    limited to the forfeiture set forth in this agreement and is free to pursue all forfeiture remedies
7    available. Any such polygraph shall be scheduled after the plea, but prior to sentencing, and the
8    results made available to the Court.

9         Money Judgment: The defendant agrees to a  money judgment, to be applied to any
10   restitution order of the court, to be determined prior to sentencing, but in an amount between 10
11   and 15 million dollars, representing the amount of proceeds obtained as a result of the fraudulent
12   investment scheme involved in the offenses,  and which represents complete satisfaction of the
13   defendant's joint and several liability.

14        E.     The defendant agrees to forfeit, and hereby forfeits, all interest in any asset that
15   the defendant owns or over which the defendant exercises control, directly or indirectly, as well
16   as any property that is traceable to, derived from, fungible with, or a substitute for property that
17   constitutes the proceeds of his offense, including the following:

18        F.     The defendant consents to the forfeiture, either administrative, or judicial, whether
19   criminal or civil, of the following property seized from defendant's residence on June 15,
20   2004,and admits that the property below was purchased with or is proceeds of his fraudulent
21   activities: $4,741.00 in U.S. currency; 1 Rolex watch;  $1,021.00 in U.S. currency; 18 kt. white
22   gold 3.59 GIA certified diamond ring w/1.01 14 kw semi mtg w/setting seized from Melette
23   Alexander;  large flat screened television, NEC Model Number: PX-50XMIA, serial number
24   15004618A; large  flat  screened  television,  NEC  Model #PX-61XMIA,  serial  number
25   24001768T; Tivo digital video recorder; small flat screen television, Sharp Aquis serial number
26   #207311842. The defendant further consents to the  forfeiture, administrative or judicial,
27   whether criminal or civil, state or federal of the contents of Washington Mutual Bank Account,
28

6

1   Account No. 0095-0000036111-4 in the name of Robert F. Alexander, and admits that this
2   account contained proceeds of his fraudulent activities.

3        G.   The defendant admits that he distributed the proceeds of his fraudulent activities in
4   different ways, including purchasing the property named above, as well as regularly providing
5   his wife, Melette Clayton Alexander, with cash or cashier's checks, on a weekly basis, during
6   the period 2003 and 2004.

7        H.   The defendant further agrees to waive all interest in any such assets in any
8   administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The
9   defendant agrees to consent to the entry of orders of preliminary orders of forfeiture and final
10  orders of forfeiture for the money judgment named above and waives the requirements of
11  Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the
12  charging instrument, announcement of the forfeiture at sentencing, and incorporation of the
13  forfeiture in the judgment.  The defendant further understands and agrees that forfeiture of the
14  substitute assets is in accordance with both 21 U.S.C. § 853 and 18 U.S.C. § 982.

15       I.   The defendant agrees to waive all constitutional and statutory challenges in any
16  manner (including direct appeal, habeas corpus, double jeopardy or any other means) to any
17  forfeiture imposed as a result of this indictment and/or any pending or completed administrative
18  or civil forfeiture actions based upon the course of conduct that provides the factual basis for the
19  forfeiture, including that the forfeiture constitutes an excessive fine or punishment.   The
20  defendant agrees to take all steps as requested by the United States to pass clear title to
21  forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture
22  proceeding.  Defendant acknowledges that all property covered by this agreement is subject to
23  forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and substitute
24  assets for property otherwise subject to forfeiture.

25       J.  The government reserves its right to proceed against any remaining assets not

26
27
28

                                    7

1  identified either in this agreement or in any civil actions which are being resolved along with this

2  plea of guilty, including any property in which the defendant has any interest or control, if said

3  assets, real or personal, tangible or intangible were involved in money laundering violations.

4        K.    Defendant agrees that once the plea is entered, the United States will move for an

5  Order of Forfeiture.  Defendant consents to entry of such an Order.

6  **FACTUAL BASIS**

7  **Elements of Wire Fraud**:

8        I further agree that if this matter were to proceed to trial the United States could prove the

9  following facts beyond a reasonable doubt:

10        1) First, that the defendant intentionally devised a scheme to defraud and to obtain money

11  or property by making false statements; and

12        2) Second, that the defendant knew that the statements were false; and

13        3) Third, that the statements were material, that is they would reasonably influence a

14  person to part with money or property; and

15        4) Fourth, that the defendant acted with the intent to defraud; and

16        3) Fifth, that the defendant, for the purpose of executing his scheme, caused to be

17  transmitted a wire communication in interstate commerce.

18        Source: 18 U.S.C. §1343, 9th Cir. Crim Jury Instr. 8.103, 8.101 (2003)

19  **Facts in Support of Plea:**

20        I, Robert Alexander, on or about January 17, 2003, having devised a scheme to defraud

21  and to obtain money by making false statements, convinced Ken Harvey of Illinois to invest

22  $350,000.00 in my company, R & S Marketing.  I represented to Ken Harvey that his money

23  would be invested in the purchase and brokering of Pfizer products, specifically Dove Soap,

24  Viagra and Tylenol, and that he would realize a profit from the investment. As a result of my

25  statements and promises to Ken Harvey, on January 17, 2003, he wired $350,000.00 from his

26  bank in Illinois to my R&S bank account in Arizona.  In fact, I did not invest the money in such

27  goods, and any payments I made to him as supposed profit were simply a return of investor

28

8

1  principal. I continued to solicit investment money from Ken Harvey, knowing that his original
2  investment was not utilized as promised.

3          I understand that I will have to swear under oath to the accuracy of this statement, and if
4  I should be called upon to testify about this matter in the future, any intentional material
5  inconsistencies in my testimony may subject me to additional penalties of perjury or false
6  swearing which may be enforced by the United States under this agreement.

7                          **DEFENDANT'S APPROVAL AND ACCEPTANCE**

8          I have read each of the provisions of the entire plea agreement with the assistance of
9  counsel and understand its provisions.

10         I have discussed the case and my constitutional and other rights with my attorney.  I
11  understand that by entering my plea of guilty I will be giving up my rights to plead not guilty,
12  to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present
13  evidence in my defense, to remain silent and refuse to be a witness against myself by asserting
14  my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed
15  innocent until proven guilty beyond a reasonable doubt.

16         I agree to enter my guilty plea as indicated above on the terms and conditions set forth
17  in this agreement.

18         I have been advised by my attorney of the nature of the charges to which I am entering
19  my guilty plea.  I have further been advised by my attorney of the nature and range of the
20  possible sentence and that my ultimate sentence will be determined after consideration of the
21  advisory Sentencing Guidelines.

22         My guilty plea is not the result of force, threats, assurances or promises other than the
23  promises contained in this agreement.  I agree to the provisions of this agreement as a voluntary
24  act on my part and I agree to be bound according to its provisions.

25         I fully understand that, if I am granted probation or placed on supervised release by the
26  court, the terms and conditions of such probation/supervised release are subject to modification
27  at any time.  I further understand that, if I violate any of the conditions of my
28

9

1   probation/supervised release, my probation/supervised release may be revoked and upon such

2   revocation, notwithstanding any other provision of this agreement, I may be required to serve

3   a term of imprisonment or my sentence may otherwise be altered.

4       I agree that this written plea agreement contains all the terms and conditions of my plea

5   and that promises made by anyone (including my attorney), and specifically any predictions as

6   to the guideline range applicable, that are not contained within this <u>written</u> plea agreement are

7   without force and effect and are null and void.

8       I am satisfied that my defense attorney has represented me in a competent manner.

9       I am fully capable of understanding the terms and conditions of this plea agreement. I am

10  not now on or under the influence of any drug, medication, liquor, or other intoxicant or

11  depressant, which would impair my ability to fully understand the terms and conditions of this

12  plea agreement.

13

14  4-28-06
    Date

    Robert Alexander

15  Defendant

16

17              **DEFENSE ATTORNEY'S APPROVAL**

18      I have discussed this case and the plea agreement with my client, in detail and have

19  advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional

20  and other rights of an accused, the factual basis for and the nature of the offense to which the

21  guilty plea will be entered, possible defenses, and the consequences of the guilty plea including

22  the maximum statutory sentence possible. I have further discussed the concept of the advisory

23  sentencing guidelines with the defendant. No assurances, promises, or representations have been

24  given to me or to the defendant by the United States or by any of its representatives which are

25  not contained in this written agreement. I concur in the entry of the plea as indicated above and

26  on the terms and conditions set forth in this agreement as in the best interests of my client. I

27

28

                        10

1   agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all

2   the requirements of Fed. R. Crim. P. 11.

3

4   4-28-06

    Date

5                                               Michael Ryan
                                                Attorney for Defendant
6

7                        **UNITED STATES' APPROVAL**

8           I have reviewed this matter and the plea agreement.  I agree on behalf of the United States

9   that the terms and conditions set forth are appropriate and are in the best interests of justice.

10

11                                              PAUL K. CHARLTON
                                                United States Attorney
12                                              District of Arizona

13

14  4/28/06

    Date

15                                              Michelle R. Hamilton
                                                Assistant U.S. Attorney
16

17                        **COURT'S ACCEPTANCE**

18  11/14/06

    Date

19                                              DAVID G. CAMPBELL
                                                United States District Judge
20

21

22

23

24

25

26

27

28

                                    11