**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-05-00472-001-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Robert F. Alexander, | |
| Defendant. | |

On November 17, 2006, the Court entered a Judgment against Defendant Robert F. Alexander. *See* Doc. 129. The Judgment required Defendant to pay $9,923,225.55 in restitution to the victims of his offense, commencing with $300 minimum monthly payments during the term of his supervised release. *Id.* at 1-2. Defendant complied with this provision, and continued to make $300 monthly payments after the expiration of his supervised release term. Doc. 161 at 1. But when the government raised the minimum monthly restitution payment to $750, Defendant could no longer make the payments. *Id.*

Defendant does not dispute that he owes additional restitution. *Id.* To satisfy this outstanding obligation, the government seeks a charging order against Defendant's interest in E-Logic, LLC. Doc. 160 at 2. Defendant is the sole member of E-Logic, which generated an annual profit of $8,100 in 2014 and a similar profit in 2015. Doc. 161 at 2. E-Logic's annual profit is distributed to Defendant, the company's only worker. *Id.* Defendant seeks to limit the charging order to no more than 25 percent of his disposable earnings, consistent with Arizona's garnishment statutes. *Id.* at 2-3. The

government never responded to Defendant's objection.

The United States is entitled to a charging order against Defendant's member interest in E-Logic. "The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a); *see also United States v. Berger*, 574 F.3d 1202, 1204 (9th Cir. 2009). Under Arizona law, a court of competent jurisdiction "may charge the member's interest in the limited liability company with payment of the unsatisfied amount of the judgment plus interest." A.R.S. § 29-655(A). In such a case, "the judgment creditor has only the rights of an assignee of the member's interest." *Id.* An assignee of a member's interest is not entitled to participate in the LLC's management. A.R.S. § 29-732(A). Instead, an assignee "is only entitled to receive, to the extent assigned, the share of distributions, including distributions representing the return of contributions, and the allocation of profits and losses, to which the assignor would otherwise be entitled with respect to the assigned interest." *Id.* A charging order is the exclusive remedy by which a judgment creditor may satisfy a judgment out of a member's interest in a limited liability company. A.R.S. § 29-655(C). Here, Defendant is the sole member of E-Logic, LLC. The United States may charge Defendant's interest in E-Logic for Defendant's unpaid restitution plus interest. The United States, however, is not entitled to participate in E-Logic's management. Instead, the United States is only entitled to Defendant's share of E-Logic's distributions.

But the charging order is limited to the garnishment permitted by Arizona law. The fact that a charging order is entered, however, "does not deprive any member of the benefit of any exemption laws applicable to his interest in the limited liability company." A.R.S. § 29-655(B). Arizona law limits garnishment to 25 percent of a garnishee's disposable earnings. A.R.S. § 33-1131(B). "Earnings" are defined broadly to include "compensation paid or payable for personal services, whether these payments are called wages, salary, commission, bonus or otherwise." A.R.S. § 12-1598(4). "Disposable earnings" is defined as the "amount remaining from the gross earnings for a pay period

after the deductions required by state and federal law." A.R.S. § 12-1598(3). As the sole member of E-Logic, Defendant receives distributions equivalent to the LLC's annual income. These are provided as compensation for his personal services to E-Logic. These distributions qualify as earnings and are protected by the personal property exemption. The charging order therefore cannot deprive Defendant of more than 25 percent of his disposable earnings.[1]

**IT IS ORDERED THAT:**

1. The United States' motion for a charging order (Doc. 160) is **granted**.

2. Defendant Robert F. Alexander's membership interest in E-Logic, LLC is hereby charged for payment of the unsatisfied amount of the Judgment entered in this action until the Judgment is paid in full. The amount charged is not to exceed 25 percent of Defendant's disposable earnings.

3. E-Logic, LLC shall promptly deliver any and all distributions, funds, profits, proceeds of sale, payments and disbursements owed to Defendant Robert F. Alexander, over which it has control or possession, now or in the future, to the Clerk of Court for the District of Arizona for application to the Judgment imposed in this case, *United States v. Alexander*, No. CR-05-00472-001-PHX-DGC, until all financial liability imposed therein is paid in full. Payments shall be made to the following: Clerk of Court, United States District Court for the District of Arizona, 401 W. Washington St., SPC 1, Phoenix, Arizona 85003-2118, with case notation, Case Number: CR-05-00472-001-PHX-DGC.

---

[1] Defendant also proposes an alternative resolution. Defendant states that he "would be agreeable to resolve this matter and is willing to pay a monthly restitution payment of $500.00 or 25% of his non-exempt earnings each and every month whichever is less for the next 24 months in lieu of a charging order." Doc. 161 at 3. The Court has determined that the United States is entitled to a charging order against the Defendant's member interest in E-Logic. The Court need not consider this proposal. Defendant is not precluded from seeking to negotiate a similar resolution directly with the United States.

4. This charging order shall be treated as a lien upon the interests of Defendant Robert F. Alexander in E-Logic, LLC in favor of the United States, and may be filed and treated like any other lien under 18 U.S.C. § 3613(c).

Dated this 18th day of May, 2016.

*David G. Campbell*
United States District Judge